**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

FILED & ENTERED

JAN 07 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

| | |
|---|---|
| In re:<br><br>Mark Allen Bilinski<br><br>Debtor(s). | Case No.: 1:12-bk-19984-VK(GM)<br><br>Chapter 7<br><br>**ORDER AFTER HEARING ON ORDER TO SHOW CAUSE [DOC. # 25]**<br><br>Date: December 26, 2012<br>Time: 10:00 a.m.<br>Courtroom: 303 |

Lofty Mrich, an attorney admitted to practice before this Court, electronically filed a "face sheet" chapter 7 bankruptcy petition on behalf of Mark Allen Bilinski on November 12, 2012. On November 26, 2012 he filed the remaining schedules and also filed a motion for sanctions for violation of the automatic stay.[1] That motion was heard on December 6, 2012, at which time Mr. Bilinski appeared in person and Mr. Mrich appeared by phone.

At the December 6 hearing, Bilinski advised that Court that the signatures on his bankruptcy schedules were not made by him, that he had never met with Mrich, and that the only reason that he filed bankruptcy was that he was advised to do so by Andrade Financial Services in order to obtain more time to remove his possessions out of his previously foreclosed house.

On December 10, 2012, the Court issued an Order to Show Cause for hearing on

---
[1] Doc. ## 11, 12.

-1-

December 26, 2012, with a response date of December 19, 2012.[2] This concerned the various issues raised at the hearing, including that of the apparently forged signatures. In response, Mrich appeared at the hearing and hand-carried a written response which he filed on December 26. Before the hearing he told me that he had been unable to e-file it over the Christmas holiday due to the Court's computer being down.[3] Bilinski also appeared and Kate Bunker of the Office of the United States Trustee was present in Court. Nancy Zamora, the chapter 7 Trustee, attended by phone and timely filed a request that the case not be dismissed and provided certain information to the Court.[4]

Mr. Mrcih admits that he authorized his assistant to sign the petition and schedules on Bilinski's behalf:

> In fact, on November 12, 2012, I had told Monica Sanchez, my assistant to schedule an appointment with Mr. Bilinski so as to review and sign his Bankruptcy Petition. On that same day Mr. Bilinski called back and said he was out of town and that he was not available, but that he asked Monica to review his information over the phone, sign on his behalf and wanted his bankruptcy filed now. Monica shared with me what Mr. Billinski [sic] said and I told her that if he authorized you to sign it, go ahead. . . . As a matter of fact, on November 12, 2012 Mr. Bilinski stated that he had no income, and on November 26, 2012 he email [sic] my office a copy of his pay stub which stated that he makes about $6,800.00 a month, which I included in Schedule I, and filed it on November 26, 2012. Mr. Bilinski again requested Monica to sign the balance of the schedules on his behalf because he was not around and he didn't want his bankruptcy dismissed.[5]

When he appeared at the December 26, 2012 hearing, Mrich asserted that it was proper for Monica to sign Bilinski's name to these documents because Bilinski had told her to. He did not understand the concept of a power of attorney, the need to reveal

---

[2] Doc. # 25.
[3] Doc. # 39. At the hearing on 12/26/12, he again stated that the Court's computer had been down. Court hearing, 12/26/12 @ 10:38 a.m. It should be noted that the e-file system was operable over the Christmas holiday and that the response was due three days before the long weekend even began. Also, that on 12/21/12 (two days after the response was due), Mrich electronically filed schedules in 8:12-bk-23929.
[4] Doc. #33.
[5] Doc. # 39.

that the signature was done by someone else, or the problem with Monica attesting to the accuracy of the information through a declaration given under oath.[6]

Signing the petition and schedules in this manner is a violation of California law, as well as federal law. Cal. Code Civ. Proc. §446(a) states in part:

> In all cases of a verification of a pleading, the affidavit of the party shall state that the same is true of his own knowledge, except as to the matters which are therein stated on his or her information or belief, and as to those matters that he or she believes it to be true; and where a pleading is verified, it shall be by the affidavit of a party, unless the parties are absent from the county where the attorney has his or her office, or from some cause unable to verify it, or the facts are within the knowledge of his or her attorney or other person verifying the same. When the pleading is verified by the attorney, or any other person except one of the parties, he or she shall set forth in the affidavit the reasons why it is not made by one of the parties.

In Aronin v. State Bar of California (1990) 52 Cal.3d 276 the attorney signed a verified answer to a complaint by writing his client's name. The California Supreme Court found that this was a violation of Cal. Code Civ. Proc. §446 and that the attorney "necessarily intended to cause the trial court and opposing parties in the unlawful detainer action to believe that *his clients* had verified their answer. This was an intentional deception and thus constituted moral turpitude." Id. at 287 (emphasis in the original). See also Hallinan v. State Bar of California (1948) 33 Cal.2d 246.

Hubbard v. Plaza Bonita, L.P., 2011 U.S. Dist. LEXIS 64015 (Dist. Ct., SDCA - 2011) arises out of a series of complaints against shopping center tenants for an alleged violation of the Americans with Disabilities Act. Plaintiff signed an agreement with her counsel that stated: "I hereby agree that the Disabled Advocacy Group, APLC has my permission to execute any kind of settlement agreement and/or endorse any settlement check or document in connection with my Americans with Disabilities Act Lawsuit against [name of defendant(s)]."

---

[6] See also court hearing 12/26/12 @ 10:29 a.m.

The District Court deemed this to be a power of attorney.

After Plaintiff died, the issue arose as to whether she had, in fact, signed certain of the documents that were filed in the case. The Court issued an Order to Show Cause as to counsel's conduct surrounding these signatures and whether there should be a disciplinary ruling barring him from representing clients in the District Court and reporting the matter to the State Bar of California. The Court analogized to Aronin and Hallinan and found that even if the attorney had the consent of the client to sign his/her name to a document, doing so without specifying that the signature was not that of the client was deceptive and punishable conduct and constituted an act of moral turpitude.

The Hubbard opinion cites to Cal. Bus.& Prof. Code §6106, Cal. Rule of Prof. Conduct 3-110 and 5-220, and ABA Model Rule of Prof. Conduct 4.1(a), 7.1 and 8.4. Then relying on 28 U.S.C. § 1927 and the Court's inherent power to levy sanctions, the Court determined to invoke monetary sanctions, report the matter to the State Bar, and refer the matter to the Court's Standing Committee on Discipline.

In a similar case to the one currently before this Court, the attorney signed the Debtor's name to the petition without indicating that he was signing the Debtor's name and without obtaining authority of the court to do so. The Bankruptcy Court set the matter for a further hearing on sanctions in that it found that this was a violation of Fed. Rule of Bank. Proc. 1008, which states: "All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746." In re Hurford, 290 B.R. 299 (Bankr. ED MI 2003).

While it is possible that someone other than the Debtor can sign the petition and schedules, this is allowed under very limited circumstances. One might be the giving of a written power of attorney, so long as that power of attorney is filed with the Court at

the time of filing of the petition and schedules and the petition and schedules clearly state that they are bring signed as "attorney in fact." In re Hurt, 234 B.R. 1 (Bankr. N.H. 1999).

The content of bankruptcy schedules requires maximum accuracy. These are depended on by the trustee, creditors, and the court. Intentional misrepresentations can result in a denial of discharge. The signature of the Debtor on these documents protects the Debtor and other parties since it attests to the accuracy of the contents. The signature of any other person which clearly states that s/he is signing on behalf of the Debtor advises parties that there may be some issues, but that the Debtor has granted that other person the right to make these representations on the Debtor's behalf.[7] The filing of the power of attorney allows interested parties to judge whether the signatory of the documents acted within the scope of his/her authority.

When someone signs the Debtor's name without revealing this, it can lead to unnecessary litigation if the Debtor denies the accuracy of the material set forth. While the contents of the documents may be admissible under a hearsay exception, they would be subject to challenges that would not otherwise be possible.[8]

Reviewing the docket for this case, I found that when the original petition was filed it did not include the required Electronic Filing Declaration. However the schedules did and this document referred to the petition, statement of affairs, schedules and amendments thereto.[9] That declaration, allegedly signed by Mark Bilinski (but actually signed by an employee of Lofty Mrich and with Mrich's knowledge and consent), was also signed by Mrich. It states in part:

---

[7] There are only a few cases concerning the signature of a non-Debtor on petition and schedules, but those that exist make it clear that the written power of attorney must be broad enough or specific enough to encompass the filing of a bankruptcy. See In re Eicholz, 310 B.R. 203, 207 (Dist. Ct. W.D. Wash, 2004).
[8] For example, See In re Thao Tran Nguyen, 447 B.R. 268 (9th Cir. BAP 2011).
[9] Doc. #14.

> I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: ... (2) the Signing Party signed the *Declaration of Debtor(s)* or *Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California. . . . I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California . . . .

The Statement of Social Security Number in this case was also dated November 12, 2012 and was apparently signed by Monica, as were all of the documents signed that date.[10] Thus Mrich perjured himself twice when he signed the Electronic Filing Declaration.[11]

Beginning on October 1, 2012, Mrich has filed seventeen cases in the United States Bankruptcy Court for the Central District of California, all under chapter 7 or 13. I have reviewed all of these and find the following pattern:

| Status | Number | Cases |
|---|---|---|
| Complete schedules filed with petition, declaration filed with the petition | 1 | 2:12-bk-46751 |
| Face sheet filing, declaration filed with the schedules at a later date | 7 | 1:12-bk-19984<br>2:12-bk-44541<br>2:12-bk-44988<br>6:12-bk-32425<br>6:12-bk-34918<br>6:12-bk-35315<br>8:12-bk-23929 |
| Face sheet filing, no declaration with petition; schedules not yet late | 3 | 1:12-bk-20810<br>6:12-bk-37776<br>6:12-bk-38089 |
| Face sheet filing, schedules filed, no declaration filed as of the date of this memorandum | 2 | 1:12-bk-18845<br>6:12-bk-36773 |
| Face sheet filing, no declaration; case dismissed without schedules being filed | 2 | 1:12-bk-18871<br>2:12-bk-46045 |

---

[10] Doc. # 3.

[11] While this was also a violation of Fed. Rule of Bank. Proc. 9011, the Court is not pursuing that at this time since it is such clear perjury.

| Status | Number | Cases |
|---|---|---|
|  |  |  |
| Complete schedules with petition, but declaration filed later | 2 | 2:12-bk-45196<br>2:12-bk-45674 |

The Electronic Filing Declaration, this document is required to be filed with the Bankruptcy Petition.[12] And although the Court has accepted new petitions without it, it is required that the Declaration be signed by the Debtor and Counsel at the time that the Petition is signed and when Counsel electronically files the Petition, he is warranting to the Court that he has that signed documents in his possession.

Beyond the filing of forged petition and schedules and a perjured Electronic Filing Declaration, Mrich filed a Motion to Restore Debtor to Possession of His Residence, etc.[13] In it he made the false statement that Defendants forced entry without a warrant or a notice to vacate served in advance and that this happened on November 17, 2012. He also stated that on November 21, the Debtor went to collect his personal belongings and medication and that "other Defendant Commercial Management Concepts LLC, agents, employees, or representatives refuse to give him his belongings, documents and medications." In support of this, Mrich filed his own declaration under penalty of perjury stating "I have personally observed and witnessed the facts contained herein and, if called upon to do [sic], could and would testify to those facts." He then "testified" that Debtor jointly owns the residence "as community property" with his mother Bertha Bilinski. He declares that the entry was made by Commercial Management Concepts and their attorney without presenting any written warrant or giving written notice to vacate or allowing Bilinski to obtain any of his personal belongings or property. He

---
[12] Court Manual, 3.4(b)(2).
[13] Doc. # 11.

states: "I was myself distressed when I heard accounts of my client saying bye to his cats and crying in pain: 'I am done with this world, I just want to die..' while the agents of defendant Commercial Management Concept stood there with a satisfactory smirk on their faces."[14]

At the hearing on December 6, Bilinski gave a completely different account of the events. First of all, it was clear to him that the eviction was being conducted by the Sheriff's office and he was not aware whether any representatives of Commercial Management Concepts were present although there were numerous civilians, but he did not know who they were. He never advised the Sheriff's personnel or anyone else that he was in bankruptcy. He was, in fact, allowed to enter the house and he removed his emergency cash and his cat. He made no mention of seeking any medications. The Sheriff told him that he could retrieve his personal property within fifteen days.[15]

It is appalling to this Court to have an attorney present, under penalty of perjury, such false testimony. It is also appalling that Mrich states facts as though he were present at the eviction, when he was not.

In researching the State Bar website, I discovered that in 2009 Mrich was suspended and then put on probation by the State Bar of California for "causing significant harm for his client because his misconduct led the court to dismiss his client's

---

[14] On 11/30/12, Mrich filed a similar motion in the case of Maurinne Diekman, 1:12-bk-18845-AA, seeking to set aside a post-bankruptcy eviction. Once again he only filed his declaration and not that of his client. In that motion, which seeks penalties from the Deputy Sheriff, he notes that the Debtor was not allowed to remove his/her medicines. This concept of medication in the house was also inserted into the Bilinski motion, although Bilinski never mentioned it in his testimony at the hearings on 12/6 or 12/26. [The Court uses the phrase his/her because throughout the motion, Mrich sometimes refers to Maurinne Diekman as "he" and sometimes as "she."]
[15] Court hearing 12/6/12 @ 10:21-10:35 a.m. During this same testimony, he stated that the bankruptcy petition was prepared by the people at Andrade Financial and that is was a "temporary bankruptcy" that was filed in order to buy time to remove his personal property from the house. Further, he stated that Andrade Financial has referred him to Mrich. Court Hearing 12/6/12 @ 10:31-10:46 a.m.

case."[16] As part of the requirement of the State Bar Court, Mrich was to and did take and pass the MPRE. This was done a mere two years before the current case was filed.

The question here is what the Court should order as a result of this behavior. The guidance of the District Court in Hubbard indicates that, minimally, there should be a report to the court's disciplinary process and to the State Bar. Generally, in a first offense that would seem to be a somewhat stringent sanction. However, Mr. Mrich has previously been suspended (and then put on probation) by the State Bar of California for the kind of acts that show poor case supervision and a lack of following court rules and orders. It is thus required that a copy of this memorandum be sent to the State Bar.

The Court notes that Mrich has been attorney of record in over 200 cases in this district, staring as early as 1999, but with the bulk of these in the last two years. He files in all of the divisions of the court, but particularly in Los Angeles, Riverside, and Santa Ana. It is therefore imperative that he reform his practice to conform to the requirements of the court and to act so as to protect his clients and properly serve as an officer of the court.

The Court has reviewed the holding in In re Thao Tran Nguyen, 447 B.R. 268 (9th Cir. BAP 2011) and finds that the necessary elements exist in this case to impose a disciplinary order. Mrich has violated his duty to his client and the legal system and has specifically acted either with intentional deception and moral turpitude by filing his own false and perjured declarations and with intentional deception, moral turpitude, or gross negligence by filing forged documents in the name of his client. This has caused serious injury in that the Court and the parties rely on the truth of these declarations and of the

---

[16] Stipulation re: Facts, Conclusions of Law and Disposition and Order Approving. State Bar Court of California, Case 06-O-14500.

content of the schedules.  Mrich's lack of understanding of the need for a written power of attorney and of his violation of state and federal law is particularly appalling due to his suspension by the State Bar and his recent completion of the California Mandatory Professional Responsibility Examination.

      As to the dealings within the bankruptcy court, I am crafting a disciplinary order that I hope will give Mrich the necessary education and tools to fulfill his duties to his clients and to the courts before which he practices.  It also includes a minor monetary sanction.  If he prefers, I will stay this order and refer the matter to the Bankruptcy Court disciplinary process as set forth in Local Bankruptcy Rules Appendix II.  He is to notify the Court and the Office of the United States Trustee by January 18, 2013 if he wishes the stay and referral.  This will be done by timely filing a notice to that effect in the Bilinski bankruptcy case and sending a copy to Kate Bunker at the Office of the United States Trustee.  If no notice is timely filed, it means that Mrich has consented to the discipline as set forth below.  If he appeals this order, I will deem that to be a failure to consent to the discipline and I will stay this order and refer the matter to the U.S. Bankruptcy Court's disciplinary process.

      Lofti Mrich is to do the following:

(1) By January 31, 2013 he is to file a declaration in this case that he has reviewed his office procedures and instructed his staff as to the requirement of personal signatures of their clients on all court documents unless it is appropriate to use a written power of attorney and then the signature must be in conformance with the requirements for use of a power of attorney as discussed above and the power of attorney must be filed with the court.  He is to send a copy of this declaration to the Office of the United

States Trustee, Woodland Hills Division, attn: Kate Bunker.

(2) By January 31, 2013 he is to file a declaration in this case that he has instructed his staff that all electronic filings requiring an Electronic Filing Declaration (EFD) will be accompanied by an EFD and specifically that all Petitions, Schedules, and Statements of Affairs will be accompanied by an EFD signed the same day as the Petition, Schedules, and/or Statement of Affairs.  He is to send a copy of his declaration concerning instruction of his staff to the Office of the United States Trustee, Woodland Hills Division, attn: Kate Bunker.

(3) By January 31, 2013, he is to file in this case a copy of an office procedures manual that he is to prepare covering the proper procedures for preparing and filing petitions and other documents for cases filed or pending in the United States Bankruptcy Court for the Central District of California. He is to accompany this by a declaration that this manual has been given to all staff in his office, that it will be updated as needed but at least once a year, and that the most recent version will be given to all new employees.  He is to send a copy of the manual and of the declaration to the Office of the United States Trustee, Woodland Hills Division, attn: Kate Bunker.

(4) By January 31, 2013, he is to file in this case a declaration that he has joined or is a current member of a consumer bankruptcy educational group, specifically the Central District Consumer Bankruptcy Attorney Association (CDCBAA) or the National Association of Consumer Bankruptcy Attorneys (NACBA).  He is to maintain at least a one year membership in whichever organization he chooses.  During 2013, he is to attend at least one program on ethics in representing debtors, one program on law office management, and one program on the Federal Rules of Evidence which is to include instruction on the use of declarations and testimony on personal knowledge.

1 These programs can be under the auspices of CDCBAA or NACBA or any other

2 provider of MCLE credit which is recognized by the State Bar of California.  He is to file

3 in this case a declaration of membership in one or both of these organizations and of

4 attendance at the continuing education programs.  He is to send a copy of this

5 declaration to the Office of the United States Trustee, Woodland Hills Division, attn:

6 Kate Bunker.

7 (5) On or before January 31, 2013, he is to disgorge the $500 fee that he

8 received for filing this case.  The check is to be made payable to Nancy Zamora, who is

9 the chapter 7 trustee and it is to be sent to her office.  Should this case be dismissed or

10 converted, Ms. Zamora may retain the funds as a partial distribution for her fee or

11 recompense for her time.  Should this case remain in chapter 7, she will handle it as she

12 would any other funds collected as part of her administration of the estate.

13 (6) Beginning on February 1, 2013 and continuing until December 31, 2013, he is

14 to file a declaration with each case for every document signed by his client that he has

15 reviewed the document and confirmed that the client signed it or that he has a written

16 power of attorney, which is being filed with the document.

///

///

///

///

///

///

///

///

-12-

(7) Should he fail to fulfill any of the above requirements, the Court will refer this matter to the disciplinary process set forth in Local Bankruptcy Rules Appendix II with a recommendation that Mrich no longer be allowed to practice before the bankruptcy judges of the Central District of California.

A copy of this Memorandum will be sent to all bankruptcy judges in the Central District of California.

###

Date: January 7, 2013

_____
Geraldine Mund
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): )_ **ORDER AFTER HEARING ON ORDER TO SHOW CAUSE**
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*)_____, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Lofty Mrich Email: loftymrichesq@verizon.net

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Mark Bilinski, 10652 Halbrent Ave, San Fernando, CA 91345
Lofty Mrich, 10681 Foothill Blvd., Suite 390, Rancho Cucamonga, CA 91730
Nancy Zamora, Chapter 7 Trustee, U.S. Bank Tower, 633 West 5th Street, Suite 2600, Los Angeles, CA 90071
Warren Brown, 3000 S. Robertson Blvd. Suite 215, Los Angeles, CA 90034
Kate Bunker, Attorney for U.S. Trustee, 21051 Warner Center Lane, Suite 115, Woodland Hills, CA 91367

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page